## Equitable Trust Company, of New York, Appellant, v. C. B. Harger, Appellee.

### Gen. No. 17,990.

BILLS AND NOTES—*instrument not negotiable where payee uncertain.* Where a written promise to pay a certain amount does not designate with certainty the payee, it is not a negotiable instrument.

Appeal from the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913.

PERCIVAL STEELE, for appellant; HARVEY L. CAVENDER, of counsel.

FREDERICK MAINS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff's suit is based upon the theory that the following writing was a negotiable instrument in Illinois at the date of its execution:

"CHICAGO, Ill., Dec. 15th, 1902.
"MR. ARCHIBALD C. HAYNES,
　　　　General Agent,
　Equitable Life Assurance Society,
　　　　　　　25 Broad Street, N. Y.

DEAR SIR:

I hereby acknowledge having received from Mr. F. F. McIver, policy Nos. 1168206, 1168204 and 1168208 —being for $20,000 on my life, in the Equitable Life Assurance Society. You are authorized and requested to place the said policy in force from this date, and I promise to pay the balance of the first premium, amounting to $800 as follows:"

(Here are designated eight instalments of $100 each; one made payable on the 15th of each month for the

next eight successive months). Signed, "Very truly yours, C. B. Harger."

Indorsed on the back of said instrument is the following:

"ARCHIBALD C. HAYNES,
Gen'l Agt.,
By Ralph C. Haynes, Atty."

We cannot agree with the contention that such instrument designates Haynes as the payee. The instrument itself does not designate with certainty any person to whom payment is to be made. From its context it clearly imports Harger's liability to the Equitable Life Assurance Society for premiums on policies issued by said society on his life, and his promise to pay them, and clearly indicates that he was dealing with Haynes in the capacity of agent for said society. Unquestionably the latter could have brought an action for said premiums if not paid, and have used such letter as evidence of the obligation. This case is not at all analogous to the cases cited where terms like "agent," "president," etc., are merely *descriptio personae.*

The court below properly found for defendant, and that the instrument was not negotiable, and that it did not designate Haynes as payee.

*Affirmed.*